IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) SVT, L.L.C., *d/b/a Ultra Foods*, ) ) Defendant. ) ) | CIVIL ACTION NO. JURY TRIAL DEMAND 2 13 C V 245 |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female), and to provide appropriate relief to Tiffany Swagerty, and a class of qualified applicants who were adversely affected by such practices. As alleged with greater particularity in paragraph seven below, the Equal Employment Opportunity Commission ("Commission") alleges that since at least January 1, 2010, Defendant, an employer in continuing violation of Title VII, failed to hire Swagerty and other qualified female applicants for available night stocker positions at Defendant's Merrillville, Indiana grocery store while hiring equal or less qualified men. Defendant's hiring practices have been undertaken with the purpose and have had the effect of denying women employment because of their sex in violation of Title VII. Additionally, Defendant, in violation of the record-keeping requirements of Title VII, failed to retain records relevant to the determination of whether unlawful employment practices have been or are being committed.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division. Venue is appropriate in this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, SVT, L.L.C., (the "Employer"), has continuously been an Indiana corporation doing business in the State of Indiana and the City of Merrillville, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tiffany Swagerty filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 1, 2010, Defendant Employer has engaged in unlawful employment practices at its Merrillville, Indiana grocery store, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) by denying employment opportunities to qualified females in favor of equally or less qualified males. The discriminatory practices include:

   a. Failing or refusing to hire Tiffany Swagerty for a night stocker position, for which she applied and was qualified on or about February 12, 2010, because of her sex, female;

   b. Failing or refusing to hire a class of qualified applicants for available night stocker positions because of their sex, female;

   c. During the time Tiffany Swagerty and other qualified female applicants sought available night stocker positions, Defendant hired equal or less qualified male applicants; and

   d. Since at least January 1, 2010, Defendant has disproportionately hired more males than females, despite receiving applications from qualified females during times that Defendant filled available night stocker positions.

8. The effect of the practice(s) complained of in paragraph seven above has been to deprive Tiffany Swagerty and a class of qualified female applicants, equal

employment opportunities and otherwise adversely affect their status as applicants, because of their sex, female.

9. Since at least January 1, 2010, Defendant Employer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. 2000e-8(c), to make and preserve records relevant to the determination of whether employment practices have been or are being committed.

10. The unlawful employment practices complained of in paragraph seven above were intentional.

11. The unlawful employment practices complained of in paragraph seven above were done with malice or reckless indifference to the federally protected rights of Tiffany Swagerty and a class of qualified female applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices based on sex.

C. Order Defendant Employer to make whole Tiffany Swagerty and a class of female applicants by providing appropriate backpay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement.

    D.    Order Defendant Employer to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

    E.    Order Defendant Employer to make whole Tiffany Swagerty and a class of female applicants, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

    F.    Order Defendant Employer to make whole Tiffany Swagerty and a class of female applicants by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    G.    Order Defendant Employer to pay Tiffany Swagerty and a class of female applicants punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

/s/ Laurie A. Young
LAURIE A. YOUNG, #11480-49
Regional Attorney

/s/ Michelle Eisele
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

/s/ Robin M. Lybolt
ROBIN M. LYBOLT, #20999-30
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-5049
Fax: (317) 226-5571
robin.lybolt@eeoc.gov