**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
        Plaintiff, )
         )
        v. )         CAUSE NO.: 2:13-CV-245-PRC
         )
SVT, LLC d/b/a ULTRA FOODS, )
        Defendant. )

**AMENDED OPINION AND ORDER**

This matter is before the Court on a Motion to Strike Defendant's Affirmative Defenses Nos. 1, 4, 7-9, 11-13, 15, 18, 19, 21 and 22 [DE 10], filed by Plaintiff Equal Employment Opportunity Commission on September 30, 2013. Defendant filed a response on October 29, 2013, and Plaintiff filed a reply on November 5, 2013.

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Rule 12(f) and affirming the striking of portions of a counterclaim). The Seventh Circuit Court of Appeals has held that motions to strike are generally disfavored; however, a motion to strike may "serve to expedite, not delay," when it seeks to strike portions of a pleading to "remove unnecessary clutter from the case." *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact.").

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).[1] In *Heller*, the court found several defenses meritless because they were "nothing but bare bones conclusory allegations," noting that the defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." *Id.* at 1295.[2]

In the instant motion, Plaintiff asks the Court to strike Affirmative Defenses Ns. 1, 4, 7-9, 11-13, 15, 18, 19, 21, and 22. The Court considers each of Plaintiff's substantive arguments in turn.

1.    *Affirmative Defenses Nos. 1, 7, 8, 12, 15, and 18*

Plaintiff argues that Affirmative Defenses Nos. 1, 7, 8, 12, 15, and 18 are insufficient and do not meet the pleading requirements mandated by Rule 8.

a.    Affirmative Defense No. 1

The Affirmative Defense provides:

1. Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a cause or causes of action upon which relief can be granted.

Although "failure to state a claim" is a recognized defense under Federal Rule of Civil Procedure 12(b), it is not, an "affirmative defense" because it does not assume that the allegations of the Complaint are true and then articulate a separate reason why defendant is not liable. As noted above, motions to strike are generally disfavored because they often serve only to delay proceedings.

---

[1] Notably, the Court in *Heller* does not include the requirement in 8(a)(2) of "showing that the pleader is entitled to relief." *See Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see* Fed. R. Civ. P. 8(a)(2).

[2] Although Defendant argues in its response brief that the standard articulated for a Rule 12(b)(6) motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), is inapplicable to a motion to strike affirmative defenses, the EEOC has not asserted that the standard applies. Nor does the Court apply the "plausibility" standard of *Twombly* to this motion to strike affirmative defenses.

However, a defense or affirmative defense must nevertheless be adequately pled to put a plaintiff

on notice of the defense. Defendant has not provided any allegations as to how Plaintiff has failed

to state a claim, especially given that Plaintiff has alleged two causes of action, and, thus, these

"bare bones legal assertions" do not meet the standard of Rule 8(b) and *Heller*. Accordingly, the

Court grants the Motion to Strike as to Affirmative Defense No. 1.

       b.      Affirmative Defenses Nos. 7, 8, 12, and 15

These Affirmative Defenses provide:

> 7. To the extent applicable, the EEOC and any female applicants on whose behalf the EEOC purports to act are estopped from pursuing the claims in Plaintiff's Complaint by reason of their own actions and course of conduct.

> 8. To the extent possible, the EEOC, and/or any female applicants on whose behalf the EEOC purports to act, have waived their right, if any, to pursue the claims made and the damages sought in Plaintiff's Complaint by reason of their own actions and course of conduct.

> 12. At all times relevant to this suit, Defendant has acted in good faith with regard to the Plaintiff and had reasonable grounds for believing its actions were not in violation of any law.

> 15. To the extent Plaintiff seeks equitable relief in this action, such claims are barred by the doctrine of unclean hands and laches.

These affirmative defense are nothing more than bare bones conclusory legal allegations. Defendant

makes no short and plain statement of facts either elsewhere in the Answer or in the context of these

Affirmative Defenses to provide any context. Thus, they are stricken.

       c.      Affirmative Defense No. 18

Affirmative Defense No. 18 provides:

> 18. The Court lacks jurisdiction over the causes of action insofar as the causes of action are based on facts, events, or allegations that are either beyond the scope of any complaint or charge of discrimination filed by Swagerty or other

alleged class members with the EEOC or involve claims that were never timely filed with the EEOC.

The EEOC asserts that this affirmative defense is premised on legal principles that do not apply to EEOC initiated actions and, thus, is facially deficient. Although a discrimination lawsuit initiated by a private party is "limited by the nature of the charges filed with the EEOC," *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992), the EEOC is not so constrained, *Gen. Tel. Co. of the NW, Inc. v. EEOC*, 446 U.S. 318, 330 (1980). Defendant offers no specific response in support of this affirmative defense. Because this affirmative defense appears to rest entirely upon the EEOC's Complaint exceeding the scope of individual charges, the affirmative defense is stricken. *See EEOC v. DOTS, LLC*, No. 2:10-CV-319, 2010 WL 5057168, *3 (N.D. Ind. Dec. 6, 2010).

2.    *Affirmative Defenses Nos. 4, 13, 19, 21, and 22*

Plaintiffs argue that Affirmative Defenses Nos. 4, 13, 19, 21, and 22 are not affirmative defenses.

a.    Affirmative Defense Nos. 4, 13, and 19

Plaintiff argues that Affirmative Defenses Nos. 4, 13, and 19 are nothing more than a denial of liability or causation. Affirmative Defense No. 4 provides:

4. Defendant denies that any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute or caused damage or injury to Swagerty and/or any other female applicant.

In general, an affirmative defense asserts that, even if the allegations of the complaint are true, additional facts excuse the defendant from some or all liability. *Biglands v. Maysville Reg'l Water and Sewer Dist.*, No. 1:12CV67, 2012 WL 2130555, at *1 (N.D. Ind. June 12, 2012) (citing *Green v. Kubota Tractor Corp.*, No. 09CV7290, 2012 WL 1416465, at *1 (N.D. Ill. Apr. 24, 2012)).

4

Because Affirmative Defense No. 4 is essentially a denial of liability or causation, it is not an affirmative defense and is stricken.

Affirmative Defense No. 13, provides:

13. Plaintiff's claims for exemplary and/or punitive damages are barred because he cannot prove that defendant acted with intent, ill will, and/or actual malice toward the any female applicants.

This affirmative defense does not assert an excuse from some or all liability but rather that Plaintiff will be unable to meet its evidentiary burden. *See Abayneh v. Zuelch*, 2:10-CV-415, 2011 WL 572407, at *1 (N.D. Ind. Feb. 14, 2011). Affirmative Defense No. 13 is stricken. Similarly, Affirmative Defense No. 19 provides:

19. Plaintiff's claims for exemplary and/or punitive damages are barred because he cannot prove that defendant acted with actual malice toward the plaintiff.

Because Affirmative Defense No. 19 is redundant with Affirmative Defense No. 13, it is also stricken.

      b.      Affirmative Defense No. 21

Affirmative Defense No. 21 provides:

21. Defendant alleges that any and all of Plaintiff's claims are frivolous, unreasonable, and groundless and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein pursuant to various statutes and applicable rules of procedure.

A request for fees and costs is not an affirmative defense and should be raised by motion after the merits of the case have been determined. *See Drager v. Bridgeview Bank*, No. 1:10-CV07585, 2011 WL 2415244, at *6 (N.D. Ill. June 13, 2011); *Travis v. Schrimmer*, No. 82 C 3870, 1986 WL 4164, at *3 (N.D. Ill. Mar. 17, 1986). Thus, the Court strikes Affirmative Defense No. 21.

d.      Affirmative Defense No. 22

Affirmative Defense No. 22 provides:

22. Defendant expressly reserves the right to assert any additional defenses that become known during discovery.

The assertion of the right to put forward additional defenses is an improper reservation under the Federal Rules of Civil Procedure. *See FDIC v. Mahajan*, 923 F. Supp. 2d 1133, 1141 (N.D. Ill. 2013). Should Defendant determine during the course of discovery that it wishes to raise additional affirmative defenses, Defendant must file a motion to do so pursuant to Federal Rule of Civil Procedure 15. Thus, the Court strikes Affirmative Defense No. 22.

3.      Affirmative Defenses Nos. 9 and 11

Affirmative Defenses Nos. 9 and 11 provide:

9. In the event that any of the allegations of unlawful conduct contained in the Complaint are found to have merit, Defendant took prompt and effective action reasonably calculated to remedy any such acts and has no liability to them.

11. Defendant exercised reasonable care to prevent and correct promptly any discriminatory, retaliatory or other unlawful behavior.

Plaintiff argues that these affirmative defenses are immaterial and irrelevant to any possible defense in this Title VII sex-based discriminatory hiring and record keeping violation case, asserting that the affirmative defenses are standards employed in harassment cases. *See Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013) (restating the affirmative defense to harassment claims under the supervisor liability standard when no tangible employment action is taken that "(1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities that the employer provided").

Defendant's response is vague, contains no citation to law, and essentially concedes that Affirmative Defenses Nos. 9 and 11 are improper. Defendant agrees that the standards in sexual harassment cases differ from those in gender discrimination cases, but argues that these affirmative defenses are still material because "they may refer to pleading one or more of the necessary affirmative defenses specified in Rule 8(c)(1), such as injury by a fellow servant among other necessary affirmative defenses." (Def. Resp. 7). However, neither affirmative defense references an injury by a fellow servant nor offers any factual context for such an affirmative defense. Accordingly, the Court strikes Affirmative Defenses Nos. 9 and 11.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Strike Defendant's Affirmative Defenses Nos. 1, 4, 7-9, 11-13, 15, 18, 19, 21 and 22 [DE 10].  The Court **STRIKES** Affirmative Defenses Nos. 1, 4, 7, 8, 9, 11, 12, 13, 15, 18, 19, 21, and 22.

So ORDERED this 14th day of November, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record