UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No. 2:13-CV-245-RLM-PRC |
| SVT, L.L.C., d/b/a Ultra Foods, | ) ) | |
| Defendant. | ) ) | |

<u>AMENDED CONSENT DECREE</u>

The Equal Employment Opportunity Commission ("Commission" or "EEOC") instituted Civil Action No. 2:13-cv-0245 under the authority granted by Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's action was brought to correct unlawful employment practices on the basis of sex. In its Complaint, the EEOC alleged that Defendant, SVT, L.L.C. ("SVT"): (i) failed to hire qualified female night crew stockers applicants at its Merrillville, IN Ultra Foods' store no. 8781 based on their sex, female; and (ii) failed to make and preserve records as required by Title VII. SVT, L.L.C. has not admitted to any of the alleged violations and specifically denies the allegations.

The Commission and SVT hereby stipulate to the jurisdiction of the Court over the parties and the subject matter.

The parties have advised the Court that they desire to resolve Civil Action No. 2:13-cv-0245 without the burden, expense, and delay of further litigation. The court GRANTS their joint motion for entry of consent decree (Doc. No. 113) and GRANTS the EEOC's motion to amend Attachments B and C (Doc. No. 116). The correct Attachments B and C are included in this Amended Consent Decree.

It is, therefore, the finding of the Court, based on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) implementation of this Decree will advance the purposes and provisions of Title VII; and (3) this Consent Decree resolves all claims in controversy in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## PART ONE: GENERAL PROVISIONS

### Section 101: Non-Discrimination in Employment

SVT shall comply with all provisions of Title VII.  In particular, SVT is enjoined from discriminating against any applicant or employee on the basis of sex and will maintain a work environment that is free from such discrimination.

### Section 102: Non-Retaliation

SVT is enjoined from retaliating or discriminating against any of its applicants for employment, employees, or former employees because the individual has (a) made a charge or opposed an unlawful employment practice under Title VII or any other law enforced by the EEOC or (b) assisted or

2

participated in any manner in an investigation, proceeding, or hearing under Title VII or any other law enforced by the EEOC.

**Section 103: Record Retention**

SVT will maintain all applications, interview notes including those concerning unsuccessful applicants, and other employment records as required by Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. § 1602.14.

SVT will retain all such employment records throughout the duration of this Consent Decree.  SVT will keep all such records pertaining to the hiring or placement of its employees, including but not limited to all applications, interview notes of both successful and unsuccessful applicants, and notes pertaining to placement of new hires, all sign-up sheets or applications concerning any job openings, any interview notes for the same, audit forms.  SVT will organize a secure file cabinet located in each store for storing all documents as required by this paragraph throughout the term of this Consent Decree.

## PART TWO: POSTING AND TRAINING

**Section 201: Posting**

SVT shall, within five days of entry of this decree, post the Notice of Non-Discrimination Policy (Attachment A) in a conspicuous manner visible to applicants and employees at its stores in Indiana.  Said Notices shall remain posted throughout the term of this Decree.

**Section 202: Manager/Supervisor Training**

3

SVT shall provide annual training for all supervisory and management employees of Store No. 8781 whose duties include any role in hiring and/or position placement, including those supervisors and managers who worked at Store No. 8781 from January 1, 2010 through June 30, 2014, but who have relocated to other stores.  This training shall last approximately two hours and will cover: (a) the record-keeping obligations of Title VII and (b) what constitutes unlawful employment practices under Title VII.  At a minimum, this training will cover: stereotyping and how to avoid subjective bias in hiring and placement; the prohibition on making hiring or job placement decisions on the basis of sex; Title VII's prohibitions against retaliation; and the obligation to retain applications, interview notes; and other documents pertaining to the hiring and/or placement of employees.

The training shall be conducted within 90 days of the date of entry of this Decree, and will be repeated no later than 12, 24, and 36 months thereafter, with appropriate updates and revisions.   All costs associated with the annual trainings will be borne by SVT.

No fewer than 30 days after the entry of this Decree, SVT shall contact a vendor of its choice to begin arranging the time and location for the first annual training. Thirty days before each training session, SVT shall provide notice to the EEOC of the date, time, and place of the training, and will send to the EEOC a copy of the training program and all written materials to be used.  SVT shall

4

report completion of the training including identification of attendees by name, title and store number no later than fifteen days after each training.

## Section 203: Training of All Newly Hired Management

SVT shall, within 90 days of the Consent Decree's effective date, provide one two-hour EEO/anti-discrimination training for all new supervisory and management employees that will, at a minimum, cover the topics in the first paragraph of Section 202.

## PART THREE: EMPLOYMENT PRACTICES

## Section 301: General Record Retention Policy

Within 30 days of the entry of this Consent Decree, SVT will adopt a written policy requiring all managers and supervisors to retain all employment records as required by Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. § 1602.14.

The policy will make clear that "employment records" include handwritten or typed notes of conversations with applicants or of applicants' answers to interview questions and other informal written documents concerning the same. SVT shall report the implementation of this written policy no later than fifteen days after its adoption including a copy of the written policy.

## Section 302: Non-Retaliation Policy

Within 30 days of the entry of this Consent Decree, SVT will affirm (or revise to the extent necessary to comply with this provision) its written policy of non-

discrimination and non-retaliation in the workplace, which will, among other things, include contact information for at least one person at SVT, L.L.C. to whom employees may report discrimination or retaliation.  A copy of this policy will be provided to all employees.  SVT shall report implementation of this written policy no later than 15 days after its adoption including a copy of any such written policy.

**Section 303: Preferential Hiring**

For the duration of this Consent Decree as described below in Section 1101, SVT shall, subject to valid, lawful criteria that is applicable to all new hires for the night crew stocker position at the time this consent decree is entered, offer one of every four night crew stocker openings at its Merrillville, Indiana store no. 8781 to a female applicant from a list of qualified class members provided by the EEOC until the list has been exhausted. The list shall be comprised of those female class members who return a timely claim form indicating that they wish to obtain a night crew stocker position at Store 8781. If any female from the list rejects an offer, SVT shall continue to offer the job to another female from the list until the position is filled or everyone on the list has been offered and has rejected the offer.  SVT shall keep a record listing the name, date, and result of any such offers until the list has been exhausted.

Any female offered an open night crew stocker position pursuant to this agreement shall have no fewer than sixty hours from receipt of the offer to accept

the offer. And, upon request, any female offered a position shall have no fewer than two weeks to begin work.

Any female hired in compliance with this section from the list provided by the EEOC shall be hired into the open night crew stocker position under terms and conditions, including rate of pay, no less favorable than the terms and conditions for the position at the time of placement.

**Section 304 – General Hiring and Recruitment**

For the duration of this Consent Decree as described below in Section 1101, SVT shall, subject to valid, lawful criteria that is applicable to all new hires for the night crew position at the time this consent decree is entered, establish a protocol requiring that all applications submitted by a person SVT believes to be a female applicant during the two weeks prior to the date a night crew stocker becomes open will be reviewed by a hiring manager and considered for employment if qualified. SVT agrees that applications for the night crew stocker position from qualified females shall not be passed over in favor of equally or less qualified male applicants.

Whenever a female candidate is placed into a night crew stocker position in compliance with this section, that individual shall receive a wage no less favorable that the existing rate of pay for the position at the time of placement.

In order to recruit female applicants for the night crew stocker position at store no. 8781, SVT shall establish a continuing relationship with the local Work

One Centers in Lake and Porter, Indiana counties and advertise any open night crew stocker positions at Work One Centers in those counties.  Whenever a female candidate is placed into a night crew stocker position in compliance with this section, that individual shall receive a wage no less favorable than the existing rate of pay for the position at the time of placement.

**PART FOUR: MONETARY RELIEF FOR CLASS MEMBERS**

**Section 401: Definition of Class**

For purposes of this Consent Decree, the class members consist of those minimally qualified females who, between January 1, 2010 and June 30, 2014, applied for a night crew stocker at store no. 8781 during the same time period a successful male candidate applied and was hired at store no. 8781 and who at the time of filing this consent decree is participating in the EEOC's lawsuit as a represented class member.  Attachment B is a list of names of those class members.

**Section 402: Damages**

SVT shall pay $200,000 in monetary relief to the EEOC's class pursuant to the direction of the EEOC and as detailed below.  The amount will be used to pay $60,000 in back pay and $140,000 in compensatory damages.  This amount shall be placed by SVT in an interest bearing escrow fund no later than 21 business days of the entry of this Decree.  Any interest which accrues shall be applied toward class member awards and the interest shall be distributed on a

pro-rata basis to class members. At its option, SVT and/or its insurance carrier, Ace Group, Inc., may produce a letter confirming $200,000 in reserves have been set aside for settlement.

**Section 403: Determination of Individuals Who Will Get Relief**

The EEOC will determine which class members will receive a share of the damages fund, and in what amounts.  SVT shall not participate or have any role in determining eligible class members or amounts payable to such individuals. The EEOC's determinations may be subject to review at a fairness hearing conducted by the Court.  SVT will not challenge the EEOC's determinations.

**Section 404: SVT's Responsibility for Withholding**

SVT shall be responsible for paying its share of all applicable payroll taxes for the settlement funds attributable to back wages paid to each claimant. SVT shall issue a W-2 for any payment of back wages, and all withholding required by law shall be deducted from the same.  SVT shall make and be responsible for paying its employer share of any costs, taxes or social security required by law to be paid by SVT.

SVT shall issue a form 1099 for non-work related, compensatory damages paid to any claimant. SVT shall not withhold any amounts from payments to any claimant for compensatory damages.

**PART FIVE: CLAIMS PROCESS AND FAIRNESS HEARING**

**Section 501: Claim Form**

Within 30 days of entry of this Consent Decree, the EEOC will send, via U.S. mail, a Notice (Attachment C) with a Claim Form (Attachment D) to the class members at their last known address. If any notices are returned to the EEOC as undeliverable, the EEOC will attempt to find a more current address for those individuals. If a more current address is found, the Commission promptly will re-mail the Notice and Claim Form to the more current address.

**Section 502: Class Members Eligible for Relief**

To be eligible for relief, a class member must return a claim form to the EEOC with a postmark or via hand-delivery no later than 45 days after the EEOC has mailed the last Notice pursuant to Section 501. Those individuals for whom the EEOC is unable to find a valid current address will not be eligible for relief under this Consent Decree.

**Section 503: Disqualification for Failure to Update Address**

A class member eligible for relief may be disqualified from receiving relief under this Consent Decree if the individual fails to notify the EEOC of an address change.

**Section 504: Notice of Proposed Distribution**

No later than 120 days after the EEOC has mailed the last Notice pursuant to Section 501, the EEOC will file with the Court a list of class members who are eligible for relief under this Consent Decree, itemizing the amount of damages

for each individual. The Court will then issue a notice of proposed distribution (Attachment E). The Commission will promptly serve that notice via U.S. mail on all class members for whom the EEOC has a current address.

## Section 505: Letters of Disagreement

Individuals may submit to the Court letters indicating any disagreement with the proposed distribution, including any disagreement they may have with not being listed among the individuals who will receive an award or as to the size of any payment.

This procedure will be the sole means by which individuals may challenge the proposed distribution under this Consent Decree.

## Section 506: Fairness Hearing

If no letters of disagreement (Section 505) are submitted to the Court within 60 days of the EEOC's service of the notice of proposed distribution (Section 504), the Court will issue a final order of distribution.

If a letter of disagreement (Section 505) is submitted to the Court within 60 days of the EEOC's service of the notice of proposed distribution (Section 504), the Court will schedule a fairness hearing. The Court will serve notice of the fairness hearing on the parties and any individuals who have submitted a letter of disagreement to the Court. At the fairness hearing, individuals who have submitted letter objections will have an opportunity to be heard. At the

conclusion of the fairness hearing, the Court will render any appropriate rulings, including a final order of distribution.

**Section 507: Payments to Class Members**

Within five business days of the Final Order of Distribution, the EEOC shall notify SVT of the current address for each class member who will receive a payment.  The EEOC shall furthermore forward a release (see Attachment F) and W-4 forms to each class member. The Commission will notify counsel for SVT and verify receipt of any executed release and completed W-4 form the class member, and shall forward W-4 forms to SVT, L.L.C.  Then, within 21 days of receipt of any W-4 form, SVT, shall mail checks, by certified mail, to class members in accordance with the Court's final order of distribution (Section 506). SVT shall mail a copy of any issued checks and proof of their delivery (a signed certified mail receipt) to the Commission. Payment checks shall be accompanied by a statement detailing all deductions. Upon receipt of proof of delivery of the checks, the Commission shall forward the release to counsel for SVT.

## PART SIX: CONTINGENCY FOR REMAINING FUNDS

If for whatever reason any part of the $200,000 in funds intended for the class members under this Consent Decree is unable to be paid as designated above, the remainder shall be tendered in equal donations to Gabriel's Horn Homeless Shelter in Porter County, Indiana and the Caring Place in Valparaiso, Indiana.  If either entity is unable or unwilling to accept donations, the remainder

12

shall be split evenly among the class members who receive an award pursuant to this Decree.

## PART SEVEN: ADDITIONAL REPORTING REQUIREMENTS

### Section 701: Initial Report

Within 120 days of entry of this Consent Decree, SVT will submit a report to the EEOC detailing compliance with this Decree. SVT will certify to the EEOC's Regional Attorney that it has complied with Sections 201, 301, 302, 303, 304, 305, and 402.  SVT will certify that it has in place a secure file cabinet pursuant to Section 103.  SVT will provide a copy of each policy adopted, affirmed or revised pursuant to Section 301 and 302 and a copy of the hiring record required by Section 303.

### Section 702: Annual Reports

SVT shall submit at least three annual reports, the first due no later than one year after the entry of the Consent Decree by the District Court and the others subsequently every 12 months for the effective duration of this Decree. In each report, SVT shall include the following information:

1. the dates and topics of all training programs offered concerning Title VII;

2. a copy of all written materials relied on or disseminated at each training program;

13

3. the name and position of each individual who attended each training program;

4. a list of employees, identified by name and position, who in the previous 12-month period have complained of gender discrimination in hiring at store 8781 or any SVT store in which the complaint concerns any manager or supervisor who worked at Store 8781 and was involved in any way in hiring from January 1, 2010 through June 30, 2014;

5. the results of any investigation of a complaint of gender in hiring discrimination as described in subparagraph (iv), including all non privileged notes and witness statements;

6. any actions taken by SVT in response to a complaint of gender discrimination in hiring per subparagraph (iv);

7. until such list has been exhausted, the record required by Section by 303 listing the name, date, and result of any such offers made to a female applicant from a list of qualified class members provided by the EEOC; and

8. a computerized list of all female applicants who applied pursuant to Section 304 indicating whether that female applicant was interviewed, hired or rejected for a night crew stocker position at Store 8781, and if rejected, an explanation and contact information for that female applicant.

Additionally, SVT will certify that it has complied with Part Seven of this Consent Decree in the appropriate annual report.

**Section 703: Reporting Process**

All reports to the EEOC under this Consent Decree will be sent to the attention of Laurie A. Young, Regional Attorney, or her successor, Equal Employment Opportunity Commission, 101 West Ohio Street, Suite 1900, Indianapolis IN 46204-4239.

## PART EIGHT: ADMINISTRATION OF THE DECREE

**Section 801: Role of EEOC**

The EEOC may review compliance with this Decree.  As part of such review, the EEOC may inspect the premises, interview employees, and examine and copy documents.  From time to time, the Commission may request the opportunity to review all, or a portion, of SVT's applications, sign-up sheets, employment records, and/or any other record maintained pursuant to Section 103 above. Within five business days of such a request, SVT will make available to the Commission for inspection the secured cabinet established pursuant to Section 103 above and any records the EEOC has requested to inspect.

**Section 802: Costs of Administration**

SVT shall bear all costs, including the costs of postage and certified mailing, of administering the settlement and payment of relief to class members as provided in this Consent Decree.  In no event however, shall SVT L.L.C. be

15

responsible for payment of any administrator, overhead costs, and/or labor costs incurred by the EEOC other than that which is designated herein previously approved by SVT, L.L.C. and/or ordered by the Court.

**Section 803: EEOC Monitoring**

In the event that the EEOC alleges that a violation of this Decree has occurred, the EEOC shall give notice in writing specifically identifying the alleged violation to SVT.  SVT shall have ten days in which to investigate and respond to the allegation.  Thereafter, the parties will have a period of 15 days, or such additional period as may be agreed upon by them, in which to negotiate and confer regarding such alleged violation before the EEOC may exercise any remedy provided by law, including seeking sanctions and/or seeking a finding from the United States District Court presiding over the matter that SVT is in contempt of this order.

**Section 804: Exigent Circumstances**

Section 803 shall not be construed to prevent the EEOC from promptly seeking court relief when exigent circumstances require immediate Court attention to prevent a serious violation of this Decree, which would otherwise be without meaningful remedy.  The moving documents filed with the Court shall explain all supporting facts and circumstances that allegedly require immediate Court attention.

**PART NINE: COSTS**

16

Except as otherwise noted in this Consent Decree, each party will bear its own costs of the litigation.

## PART TEN: DECREE BINDING ON SUCCESSOR

This decree shall be binding on SVT and its successors and assigns in interest, which are retail grocers.  If, however, SVT sells all or substantially all of its assets, to another non-related person or entity within 3 years of signing this decree, SVT shall provide notice to the Commission of any transfer of ownership within thirty days after the definitive agreement for sale of the business or the actual date of sale of the business, whichever occurs earliest.

## PART ELEVEN: RETENTION OF JURISDICTION

### Section 1101: Term of the Decree

The term of this Consent Decree shall be for three years following the date of entry of this Decree.

### Section 1102: Retention of Jurisdiction

The Court will retain jurisdiction of this cause for three years for purposes of monitoring compliance with the Consent Decree and entry of such further orders or modifications as may be necessary or appropriate.

SO ORDERED.

ENTERED:  <u>July 13, 2015</u>

_____/s/ Robert L. Miller, Jr._____
Judge
United States District Court

18

# EMPLOYEE NOTICE

## Posted Pursuant to a Consent Decree Resolving a Civil Action alleging Employment Discrimination on the Basis of Sex

This Notice is posted pursuant to a Consent Decree resolving alleged employment discrimination in hiring lawsuit filed by the Equal Employment Opportunity Commission against SVT, L.L.C. d/b/a/ Ultra Foods in the United States District Court for the Northern District of Indiana, Civil Action No. 2:13-cv-245.

Federal law prohibits discrimination against any employee, former employee, or job applicant because of the individual's sex, race, color, religion, national origin, age (over 40), disability, or genetic information.

Federal law also prohibits retaliation of any kind against any person who has opposed any practice made unlawful under federal law or because an individual has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

SVT, L.L.C. supports and complies with such Federal law in all respects and will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or have given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

If you have any complaints of discrimination, you may contact the EEOC at the address or telephone number given below. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U. S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

Questions concerning this notice may be addressed to:

Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204-4239
(317) 226-7212, (317) 226-7848, or (800) 669-4000
TTY (317) 226-5162

ATTACHMENT A

List of Class Members
To Accompany Section 401 of the Consent Decree in
*EEOC v. SVT, L.L.C*, Civil Action No. 2:13-cv-245

Denise Abrams

Alyssa Adams

Victoria Bowie

Stephanie Burke

Dorothy Carter

Julie (Chelich) Dearing

Denise Gill

Chitara Gray-Meauhead

Elise Hall

Jasmine Harris

Penita Harris

Dana Henle

Barbara Johnson

Tiffany Lewis

Jasmine Litt

Amber Manning

Nicole Miller

Kenya Moffett

Nicole Murray

Rebecca Navarro

Shavonne Reynolds

Chiquitta Rivers

Crystal Ross

Janae Sellers

Rochea Smith

Tiffany Swagerty

Denise Wozniak

ATTACHMENT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 2:13-CV-245 |
| SVT, L.L.C | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF PROPOSED SETTLEMENT

The United States Equal Employment Opportunity Commission ("EEOC") is an agency of the United States that enforces Title VII of the Civil Rights Act of 1964, which prohibits, among other things, discrimination in employment on the basis of sex. The EEOC and SVT, L.L.C. have asked that the District Court for the Northern District of Indiana enter a Consent Decree to resolve a lawsuit filed by the EEOC against SVT, L.L.C. The lawsuit alleges, among other things, that SVT, L.L.C. unlawfully discriminated against females in the hiring of night crew stockers at its Ultra Foods, Merrillville, IN store no. 8781. SVT, L.L.C. has not admitted to any of the alleged violations and specifically denies the allegations. You are being notified because you may be eligible to participate in the settlement. TO PRESERVE YOUR RIGHTS, YOU MUST FILL OUT AND RETURN A TIMELY CLAIM FORM. In order to participate, you must meet the following requirements:

 – You are female.

- You were generally available to work between 10:00 p.m. and 8:00 a.m. most days of the week.

- You applied for a night crew stocker position at SVT L.L.C.'s Ultra Foods Merrillville, IN store no. 8781 between January 1, 2010 and June 30, 2014 during a time when it hired a male applicant.

- You fill out and return both pages of the Claim Form enclosed.

- You must keep the EEOC informed of your current address and phone numbers if you move or they change.

Even if you have already had contact with the EEOC or have spoken with an individual at the EEOC, you must still fill out and return a Claim Form.

If you have any questions, you may call the EEOC at (317) 226-7215. You do not need to call in order to participate in the settlement, but you must return a completed Claim Form.

All claims will be reviewed by the EEOC to determine eligibility for participation in settlement.

ATTACHMENT C – Page 2 of 2

<NAME>

<ADDRESS>

# CLAIM FORM
### *EEOC v. SVT, L.L.C*, Case No. 2:13-cv-245

1.  Correct legal name (please print)     _____

2.  Current address and phone numbers:    _____
    (You must inform the EEOC of any       _____
    change in address or phone #.)         _____
                                           _____
                                           _____
                                           _____

3.  Are you a female? (Circle)            **YES**          **NO**

4.  Social Security Number:               _____
    (This is needed to pay you back wages.)

5.  Do you still wish to obtain a night crew    **YES**          **NO**
    stocker position at SVT's Merrillville IN
    (Broadway St.) store?

    If yes, are you generally able to work      **YES**          **NO**
    between 10:00 p.m. and 8:00 a.m. most
    days of the week?

ATTACHMENT D – Page 1

**I solemnly affirm under penalty for perjury that the information provided on the preceding page is true. I understand that providing false information to the EEOC may disqualify me from participating in the settlement even if I am otherwise qualified.**

Dated: _____          _____

(Signature)

Claims Forms must be promptly returned to:
Monica Guest
EEOC Claims Officer for EEOC v. SVT, L.L.C
U.S. Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis IN 46204-4239

ATTACHMENT D − Page 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| vs. | ) ) | CAUSE NO. 2:13-CV-245-RLM-PRC |
| SVT, L.L.C., D/B/A ULTRA FOODS, | ) ) | |
| DEFENDANT. | ) | |

## NOTICE OF PROPOSED DISTRIBUTION

The Court now issues this Notice of Proposed Distribution, to be sent to all Class Members. Pursuant to Section 504 of the Consent Decree entered in this case, the Equal Employment Opportunity Commission has filed a list of class members who are eligible for relief under the Decree, itemizing the amount of damages for each individual. The Court now ORDERS that that list, along with this Notice, be served on all class members for whom the EEOC has a current address.

If any individual class member has an objection to the proposed distribution of funds, that class member shall send to the Court, within 30 days of this Notice, her objection, specifically explaining the objections and the grounds for it. Any objection shall include the Civil Action Number for this case (2:13-cv-245) and be sent to the following address:

ATTACHMENT E − Page 1

-25-

Clerk for the United States District Court
U.S. Courthouse/5400 Federal Plaza,
Hammond, Indiana, 46320


Those class members who have no objection to the proposed distribution should NOT send anything to the Court. Any individuals may direct questions to the EEOC at the following address or telephone number:

Equal Employment Opportunity Commission
101 West Ohio Street, Suite 1900
Indianapolis IN 46204-4239
(317) 226-<>

Individuals are cautioned, however, that the only way to preserve a disagreement with the proposed distribution is to submit a letter to the Court as set forth above.

SO ORDERED.


Date: _____          _____

United States District Court
Northern District of Indiana


ATTACHMENT E – Page 2

**RELEASE**

In consideration for $_____ in backpay (less any applicable taxes or withholdings),  and $_____ in compensatory  paid to me by SVT, L.L.C., in connection with the resolution of *Equal Employment Opportunity Commission v. SVT, L.L.C.*, Civil Action No. 2:13-cv-245, I waive my right to recover for any claims of sex discrimination in hiring arising under Title VII that I may have had against SVT, L.L.C. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *Equal Employment Opportunity Commission v. SVT, L.L.C.*, Civil Action No. 2:13-cv-245.


IN WITNESS WHEREOF, this Release is signed and executed by me on the _____ day of _____, 2015.

_____
Name


County of                          )
                                   )SS
State of                           )

Subscribed and sworn to before me this _____ day of _____, 2015.

_____
Notary Public


ATTACHMENT F